IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:17-CV-125-FL

| | | |
|---|---|---|
| JOSE GUSTAVO MONTEROSSA SALGUERO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER |
| MADONNA ALEXANDRA MARCE FRANCO ARGUETA,[1] | ) ) ) | |
| Respondent. | ) ) | |

This matter is before the court on petitioner's motion for temporary restraining order ("TRO"). (DE 18). For the reasons stated herein, plaintiff's motion for TRO is granted. The court has expedited consideration of this matter.

**BACKGROUND**

Petitioner brings this case under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention) and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9000-9011, seeking return of his five-year old daughter, S.M.M.F. (the "child") to El Salvador, her home country.

Petitioner initiated this action on September 30, 2016, in the Southern District of Texas, by filing a petition for the return of the child (the "Hague petition") and petition for immediate issuance of a show cause order. (DE 1). That same date, petitioner also moved for expedited show cause

---

[1] Upon information and belief, respondent may have changed her name to Madonna Alexandra Marcella Franco de Salinas.

hearing on his petition for return of the child, which the court granted by order dated October 4, 2016. The October 4, 2016, order required respondent to appear for hearing set October 11, 2016.[2] The order also required respondent to surrender all passports issued in her name and the child's name and prohibited either party from removing the child from its jurisdiction, pending hearing on the merits of Hague petition.

After unsuccessfully trying to locate respondent, plaintiff moved to extend service time through March 31, 2017, which motion the court granted on January 19, 2017. On or around January 24, 2017, petitioner learned that respondent and the child were living in Raleigh, North Carolina. Thereafter, petitioner moved to transfer the case to this court, pursuant to 28 U.S.C. § 1404(a). The court granted petitioner's motion and the case was transferred to this court on March 14, 2017.

On March 20, 2017, petitioner filed a first amended verified petition (the "amended Hague petition"). That same date plaintiff filed the instant expedited ex parte motion for TRO and motion to withdraw counsel. Petitioner seeks a TRO from the court 1) prohibiting defendant from removing the child from this jurisdiction, 2) taking into safe keeping any and all of the child's travel documents, including her passport and American visa, and 3) requiring defendant to appear with the child for expedited hearing on the merits of the amended Hague petition.

### STATEMENT OF FACTS

Sometime in 2011, S.M.M.F. was born in San Salvador, El Salvador. After the child was born, the family continued to reside in El Salvador. In August 2012, the parties informally separated. During that time, the child lived with respondent, still in El Salvador. In 2014, the

---

[2]Where respondent has yet to be served, she had no notice of the court's October 4, 2016, order. Accordingly, she did not appear for hearing on October 11, 2016.

parties legally separated.  A year later, in February 2015, the parties divorced.  The divorce decree gives respondent personal care, or physical custody, of the child. The decree also gives the parties joint parental authority, or parental rights, over the child.  This authority includes the right to determine jointly where the child lives.

On January 18, 2015, the Second Judicial Family Court in El Salvador entered an order allowing respondent to take the child to the United States to visit Disney World.  The order required the child to return to El Salvador by October 3, 2015.  The court issued the child a passport for this purpose.

According to petitioner, on November 2, 2015, respondent and the child traveled from San Salvador, El Salvador to Houston, Texas.  Respondent and the child were scheduled to return to El Salvador on November 19, 2015.  However, respondent and the child never returned.  Thereafter, petitioner attempted unsuccessfully to locate respondent and secure voluntary return of the child. On January 5, 2016, petitioner applied for assistance to secure return of the child under the Hague Convention with the Central Authority.  This action followed.

**DISCUSSION**

To prevent immediate and irreparable harm pending judicial resolution of a dispute, Federal Rule of Procedure 65(b) grants courts authority to enter a TRO.  Fed. R. Civ. P. 65(b);  See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc. 527 U.S. 308, 341 (1999) (observing that preliminary orders are designed to prevent events "that would render a court's judgment worthless"); Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Trick Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 449 (1974) (noting that even "[e]x parte temporary restraining orders are no doubt necessary" for the "underlying purpose of preserving the status quo and preventing

irreparable harm just so long as is necessary to hold a hearing, and no longer").

Under Rule 65(b), a court may issue a TRO "without written or oral notice to the adverse party . . . only if . . . specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Rule also requires "the movant's attorney [to] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). To obtain a TRO or preliminary injunction, a movant must also establish 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that a TRO is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

As an initial matter, petitioner has satisfied the requirements of Rule 65. In his first amended verified petition, petitioner explains the steps he has taken to provide notice to respondent. Additionally, petitioner has demonstrated that, on the facts presented, no further notice should be required where respondent poses a flight risk.

Turning next to the requirements articulated in Winter, the court finds petitioner has carried his burden to demonstrate the propriety of a TRO. First, petitioner has provided to this court evidence that he is likely to succeed on the merits of his Hague petition. Specifically, petitioner has provided sufficient facts that respondent wrongfully removed and retained the child from her habitual residence and that such removal was in contravention of petitioner's custodial rights, which he exercised at the time of removal. Second, petitioner is likely to suffer irreparable harm, in the form of lost custodial rights and alienation of his child. Third, the equities tip in petitioner's favor, particularly because respondent's custody rights are not threatened by the TRO. See e.g., Abbott

4

v. Abbott, 560 U.S. 1, 20 (2010) ("Ordering a return remedy does not alter the existing allocation of custody rights . . . ."). Finally, a TRO serves the public interest. Since "international abduction [and] wrongful retention of [a] child[] is harmful to [his or her] well-being," a TRO in this case will serve the public interest by protecting the child's well-being. 22 U.S.C. § 9004(a).

In sum, the facts presented establish that petitioner is entitled to a TRO. Pursuant to Rule 65(c), petitioner is directed to pay the court a bond, in the amount of $500.00. The court notices hearing on petitioner's first amended verified petition for March 28, 2017, to begin at 10:00 at the United States Courthouse in New Bern, North Carolina.

### CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion for temporary restraining order. (DE 18). Respondent and those acting at her direction are hereby ENJOINED from removing the child from the Eastern District of North Carolina pending resolution of petitioner's amended Hague petition. Respondent is cautioned that violation of this TRO can be treated as criminal contempt and is punishable as a federal criminal offense by the United States Attorney. Petitioner is DIRECTED immediately to pay to the court a bond, in the amount of $500.00

The court NOTICES hearing on March 28, 2017, to begin at 10:00 at the United States Courthouse in New Bern, North Carolina. Respondent is ORDERED to bring the child, as well as any and all of the child's travel documents, including her passport and America visa, to the hearing.

This TRO shall expire **14 days from date of entry**, unless extended within that time on motion by petitioner, for good cause shown or with consent of respondent. The United States Marshal is DIRECTED to immediately serve this order and the first amended verified petition on respondent, who the court has reason to believe is now located at 7520 Longstreet Drive, Raleigh,

5

North Carolina 27615.

Furthermore, to the extent the court has considered this matter on an expedited basis, petitioner's request for expedited relief is GRANTED.

SO ORDERED, this the 21st day of March, 2017.



_____
LOUISE W. FLANAGAN
United States District Judge

6