IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| José Gustavo Monterrosa Salguero,<br><br>Petitioner,<br><br>vs.<br><br>Madonna Alexandra Marce Franco Argueta,<br><br>Respondent. | Civil Action No. 5:17-CV-125-FL<br><br><br>ORDER |

This matter is before the court on petitioner's motion requesting that the Court authorize remote testimony. (DE 30.) For the reasons stated herein, Petitioner's motion is granted. The court has expedited consideration of this matter.

## BACKGROUND

Petitioner brings this case under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention) and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9000-9011, seeking return of his five-year old daughter, S.M.M.F. (the "child") to El Salvador, her home country. Petitioner filed his First Amended Verified Petition on March 20, 2017. (DE 17.) That same day, Petitioner also filed an *ex parte* motion for a temporary restraining order requesting that the Court enjoin Respondent from leaving the jurisdiction with the Child pending resolution of this litigation. (DE 18.) The Court issued a temporary restraining order on March 21, 2017. (DE 22.) In that temporary restraining order, the Court scheduled a hearing on petitioner's first amended verified petition for March 28, 2017, to begin at 10:00 at the United States Courthouse in New Bern, North Carolina. (*Id.*)

Petitioner now requests that the Court permit him and other witnesses residing in El Salvador to testify by video-conference or telephone at that hearing. Petitioner states that he intends to call two witnesses to testify in support of his First Amended Verified Petition. One is Petitioner's Salvadorian counsel who intends to testify regarding the parties' divorce and the subsequent proceedings. A second is Petitioner's expert witness—a Salvadorian family law attorney. Both witnesses reside in El Salvador. Petitioner explains that he is financially unable to travel to the United States for this testimony and will likely be unable to obtain a visa to enter the country by the hearing. Likewise, he is unable to pay for his witness's travel.

**DISCUSSION**

To further the goals of the Hague Convention, the drafters directed that "[t]he judicial . . . authorities of Contracting States shall act expeditiously in proceedings for the return of children." Hague Convention, art. 11. Courts have adopted flexible approaches to adhere to this directive, including allowing remote testimony. Under Rule 43(a), a court may permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). As the Fourth Circuit has noted, remote testimony does not "preclude the respondent from confronting and conducting relevant cross-examination of the witnesses," so it does not offend due process considerations. *United States v. Baker*, 45 F.3d 837, 843-44 (4th Cir. 1995).

The Court finds that good cause exists for permitting the remote testimony here. Petitioner has represented to the Court that he cannot afford the international travel and that he would be unable to obtain a visa to enter the United States by Tuesday's hearing. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (finding the expense of international travel for an indigent party sufficient cause for remote testimony); *El–Hadad v. United Arab Emirates*, 496 F.3d 658, 668–69 (D.C. Cir. 2007) (permitting remote testimony for party unable to obtain a visa).

2

In addition to good cause, Rule 43(a) requires appropriate safeguards, including:

(1) Accurate identification of the witness;

(2) Protection against influence from persons present with the witness; and

(3) Accurate transmission.

Fed. R. Civ. P. 43(a) advisory committee's note. The District of South Carolina has recently permitted a Hague Convention petitioner to testify remotely after imposing these safeguards. *See Alcala v. Hernandez*, No. 4:14-CV-04176-RBH, 2015 WL 1893291, at *3 (D.S.C. Apr. 27, 2015). The court required petitioner to be properly identified and testify from a private room, free of outside influence. The petitioner's counsel was also required to troubleshoot his video-conferencing connection with the courthouse staff prior to his testimony.

The Court finds that these safeguards are appropriate here to ensure reliable testimony. Petitioner shall locate a conference room from which to testify by video-conference, free from outside influences. Likewise, his witnesses should be prepared to testify from a conference room where they are alone and free from outside influence.

## CONCLUSION

Based on the foregoing, the court GRANTS Petitioner's motion. (DE 30.) Petitioner and his witnesses residing in El Salvador shall be permitted to testify by video-conference. Where video-conferencing is not available, Petitioner and his witnesses residing in El Salvador shall be permitted to testify telephonically. Petitioner is to arrive one hour prior to the Court's March 28, 2017 hearing so that his counsel can confirm with courtroom staff that the technology is working properly such that all members present in the courtroom can hear and understand his testimony. Petitioner shall be prepared to provide sufficient identification at the hearing to properly identify himself and his witnesses.

Petitioner is ORDERED to testify from a closed room and no other person shall be permitted to communicate with Petitioner during the proceedings, either in person or otherwise, unless that communication is on the record in open court.

It is further ORDERED that Father's counsel or a member of the IT staff at his law firm shall contact Ryan Willett with the Court's IT Department at (252) 638-7505 to confirm the logistics of the remote testimony.

This the 23rd day of March, 2017.

*Louise W. Flanagan*
Louise W. Flanagan
United States District Court Judge