IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:17-CV-125-FL

| | |
|---|---|
| JOSE GUSTAVO MONTEROSSA SALGUERO, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | ORDER |
| MADONNA ALEXANDRA MARCE FRANCO ARGUETA,[1] ) ) ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion to stay execution of final judgment pending appeal. (DE 96). Specifically, respondent asks the court to stay its June 16, 2017, orders granting petitioner's request seeking return of his child to El Salvador from the United States pursuant to 1980 Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. ("ICARA"). For the reasons that follow, the court denies respondent's motion.

**BACKGROUND**

Petitioner initiated this action on September 9, 2016, in the Southern District of Texas, by filing a verified petition seeking return of his child to El Salvador, pursuant to the Hague Convention and ICARA. Following transfer to this court on March 14, 2017, petitioner filed a first amended verified petition and an expedited ex parte motion for temporary restraining order ("TRO"), the latter of which the court granted by order dated March 21, 2017.

---

[1] Respondent is now known as Madonna Alexandra Marcella Franco de Salinas.

The court held hearing on the petition April 17, 2017, through April 19, 2017. At the close of hearing, the court took the petition under advisement and invited the parties to submit to it further briefing on certain discrete issues presented at hearing. Following a period of briefing, the court entered an order granting the petition on June 16, 2017. The court concluded that return of the child was appropriate in this matter, where petitioner presented sufficient evidence to establish his prima facie case under the Hague Convention and respondent failed to provide sufficient evidence to warrant application of the grave risk of harm defense. That same date, the court entered a return order, which details logistical matters related to the child's return to El Salvador.

On June 20, 2017, respondent filed notice of appeal to the United States Court of Appeals for the Fourth Circuit. That same date, respondent filed the instant motion to stay pending appeal, together with a memorandum in support thereof.

## DISCUSSION

In determining whether to grant a stay pending appeal, the court must consider four factors: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (internal quotations omitted). "There is substantial overlap between these and the factors governing preliminary injunctions, . . . not because the two are one in the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id. (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22-24 (2008)). The party seeking a stay bears the burden of establishing each factor. Long v. Robinson, 432 F.2d 977, 979

(4th Cir. 1970). With regard to cases brought under the Hague Convention, the Sixth Circuit has cautioned:

> Staying the return of a child in an action under the [Hague] Convention should hardly be a matter of course. The aim of the Convention is to secure prompt return of the child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court.

Friedrich v. Friedrich, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996).

Upon consideration of the four-factor analysis outlined by the Supreme Court, the court rejects respondent's motion. The court considers each factor in turn.

First, respondent fails to show a likelihood of success on the merits. On this point, respondent reiterates arguments previously made before the court, merely maintaining that application of the grave risk defense is warranted in this case. Here, respondent is unlikely to prevail on appeal because, as discussed more throughly in prior orders, respondent fails to present evidence sufficient to warrant application of the grave risk of harm defense.

Second, respondent fails to establish that she will suffer irreparable injury in the absence of stay. Respondent contends that she will suffer irreparable injury in the absence of stay, where return of the child would force her to choose between her own safety and retaining custody of her child. Even if irreparable injury would result, the presence of irreparable injury, standing alone, is not a sufficient reason to grant a stay. See Long, 432 F.2d at 980.

Third, respondent has not shown absence of harm to petitioner if the court grants the stay. Respondent argues that petitioner will not be substantially harmed by a stay in light of the fact that he "(1) abandoned the child shortly after birth; (2) did not, as the El Salvadorian court itself noted, 'avail himself to the court to seek visitation with the child; and (3) did not file this petition until

almost a year after the child was known by him to not have returned from the United States." (DE 96 at 6). However, these arguments fail to consider the harm petitioner suffers as a result of respondent's wrongful retention of the child in the United States. See e.g., Abbott v. Abbott, 560 U.S. 1, 21 (noting that wrongful removals of children can diminish a left-behind parent's ability to form a relationship with his or her child); Alcala v. Hernandez, No. 4:14-CV-4176-RBH, 2014 WL 5506739, at *3 (D.S.C. Oct. 30, 2014) (suggesting that the wrongful retention of a child can constitute irreparable harm to the left behind parent). Accordingly, respondent has not established that petitioner will not suffer substantial harm if stay is granted.

Lastly, public interest weighs against granting a stay. The purpose of Hague Convention is to "secure the prompt return of children wrongfully removed to or retained in any [c]ontracting [s]tate; and . . . to ensure that rights of custody and access under the law of one [c]ontracting [s]tate are effectively respected in the other [c]contracting [s]tates." Smedley v. Smedley, 772 F.3d 184, 186 (4th Cir. 2014) (internal quotations omitted). After lengthy hearing on the petition and with benefit of additional briefing on the developed record, the court determined that petitioner has established a prima facie case. None of the narrow exceptions are applicable here. The public's interest and the aims of the Hague Convention are served by the prompt return of the child to El Salvador.

## CONCLUSION

For the foregoing reasons, the court DENIES respondent's motion to stay pending appeal. (DE 96). The court's June 16, 2017, orders in this matter (DE 89 and 92) remain in effect.

SO ORDERED, this the 21st day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge