IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-125-FL

JOSE GUSTAVO MONTERROS )
SALGUERO, )
 )
Petitioner, )
 )
v. ) **ORDER**
 )
MADONNA ALEXANDRA MARCE )
FANCO ARGUETA, )
 )
Respondent. )

This matter is before the clerk on petitioner Jose Gustavo Moneterros Salguero's motion for payment of costs [DE-117] following the court's order to return his minor child to El Salvador pursuant to The Convention of the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S., No. 11670 et seq. ("Hague Convention") and the International Child Remedies Act, 22 U.S.C. § 9001 et seq. ("ICARA"). Respondent has not filed a response, and the deadline for doing so has since passed. This matter is therefore ripe, and has been referred to the clerk for ruling at the direction of the presiding judge.

**BACKGROUND**

Petitioner initiated this action in the Southern District of Texas by filing a verified petition seeking the return of his minor child pursuant to the Hague Convention and ICARA. On petitioner's motion, the Southern District of Text transferred the action to this court on March 14, 2017.

Following the transfer, petitioner filed an amended verified petition. After ruling on a variety of motions, the court held a hearing on the petition from April 17-19, 2017. After the

parties filed post-hearing briefs, the court granted the amended verified petition and awarded petitioner physical custody, for the purpose of returning the child to El Salvador. The court allowed petitioner 14 days to file an application for attorney's fees and expenses. Petitioner timely filed the motion for payment of costs.

## ANALYSIS

ICARA provides:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). Accordingly, under the plain language of the statute, this court has the duty to order the payment of necessary expenses and legal fees unless respondent satisfies her burden of showing that such an order would be clearly inappropriate.

In this case, respondent has failed to offer any response, and therefore the clerk cannot find that she has met her burden in establishing that an award of expenses to petitioner is clearly inappropriate. Accordingly, the clerk will consider only whether the expenses requested by petitioner constitute a "necessary expense" related to the return of the minor child and are reasonable. See Dawson v. McPherson, No. 1:14CV225, 2014 WL 4748512, at *2 (M.D.N.C. Sept. 23, 2014); Trudrung v. Trudrung, No. 1:10CV73, 2010 WL 2867593, at *1 (M.D.N.C. July 21, 2010).

Petitioner seeks $2,064.20 for expenses incurred by him personally, and submits supporting receipts. His expenses include the costs he incurred in purchasing a visa and passport to travel to the United States ($219.00), a round trip flight from El Salvador ($777.60), a one-way

2

flight to El Salvador for the child ($426.60), and his lodging in North Carolina during the custody exchange of the child ($641.00). These costs are all necessary expenses related to the return of the child and are reasonable. See Hirst v. Tiberghien, Civil Action No., 6:13-00729-JM, 2012 WL 6827813, at *5 (D.S.C. Dec. 20, 2013) (awarding a petitioner expenses including roundtrip airfare for petitioner, lodging, and return airfare for children); Judge v. Williams, No. 4:11-CV-119-F, 2011 WL 3759476, at *2 (E.D.N.C. August 25, 2011) (awarding expenses for petitioner's roundtrip airfare, lodging, and return airfare for child).

Petitioner also seeks expenses incurred by counsel on his behalf, in the amount of $12,427.36. In declarations, petitioner's current and prior counsel state that although they represented petitioner pro bono, and are not seeking attorney's fees, their retention agreements with petitioner require him to reimburse counsel's law firms for costs incurred on his behalf during the representation of him in this action. See Decl. of Counsel [DE-117-10] ¶ 3; Decl. of Counsel [DE-117-11] ¶ 3. In support of his request for these expenses, petitioner submits declarations of counsel, and for some expenses, supporting invoices.

The expenses for which petitioner submitted supporting receipts or invoices include the costs for court interpreters for the hearing in this matter ($3,682.00), costs for translation of documents offered as exhibits in the case ($2,149.29), fees for the transcripts of the hearing on the petition ($1,695.75), lodging for his counsel and some meals during the hearing on the petition ($873.03), lodging for his counsel during the custody exchange ($208.69), the services of a private investigator to confirm the location of the child within the Eastern District ($731.80), the costs of subpoenaing airline records ($20.00, and the fee for an expert witness ($350.00). The clerk finds that these constitute necessary expenses related to the return of the child. See Cuellar v. Joyce, 603 F.3d 1142-43 (9th Cir. 2010) (finding the expenses incurred by attorney for lodging and meals

3

during oral argument and post-argument mediation to be "necessary expenses incurred by or on behalf of petitioner); Dawson, 2014 WL 4748512, at * 8 (awarding petitioner expenses for, inter alia, the cost of a private investigator to locate the abducted children in the United States); Saldivar v. Rodela, 894 F. Supp. 2d 916, 945 (W.D. Tex. 2012) (awarding costs for expert witness fees); Neves v. Neves, 637 F. Supp. 2d 322, 344 (W.D.N.C. 2009) (awarding petitioner translation expenses); Friedrich v. Thompson, No. 1:00-CV-772, 1999 WL 33951234, at *2 (M.D.N.C. Nov. 26, 1999) (awarding petitioner the cost of translating documents from German to English). See also 28 U.S.C. § 1920 (providing for the taxation of costs of fees of court reporters for transcripts necessarily obtained for use in the case, compensation of interpreters, and fees for copies of papers necessarily obtained for use in the case); Saldivar, 894 F. Supp. 2d at 943 (concluding that costs taxable under 28 U.S.C. § 1920 are "per se awardable" under ICARA). The clerk also finds that these requested expenses, supported by invoices, are reasonable.

Petitioner also seeks expenses incurred by his counsel on his behalf which are not supported by invoices; rather, his current and prior counsel state in declarations that invoices are not available. These expenses include costs for counsel's travel for trial and the custody exchange ($1,034.45); meals during the trial and custody exchange ($243.02);[1] postage, telephone, and courier costs ($843.36); color copies, scanning, and printing costs ($31.40); long distance phone charges ($24.26); filing fee ($400.00), and attempted service of process costs ($140.31). With the exception of the filing fee, which is documented in the record [DE-1], these remaining expenses are not awarded. Without supporting invoices, additional documentation, or some further explanation from counsel, the clerk cannot find that the costs for postage, telephone, courier costs,

---

[1] Although petitioner's current counsel states that invoices for the meal expenses are not available, the invoices for counsel's lodging during the hearing includes charges for meals and beverages. See Mot. for the Payment of Costs, Ex. 6 [DE-117-6].

4

copies, scanning, printing or long distance phone charges were necessary, nor can the clerk find any of the other expenses are reasonable. See Whallon v. Lynn, No. Civ.A. 00-11009-RWZ, 2003 WL 1906174, at * (D. Mass. April 18, 2003) (declining to award petitioner "inadequately documented" expenses), aff'd, 356 F.3d 138 (1st Cir. 2004); Dawson, 2014 WL 4748512, at *9 (refusing to award expenses for which a petitioner provided no documentation because "[i]f the Court cannot assess the validity of the expenses, it cannot begin to address whether such expenses were in fact reasonable or necessary"). Accordingly, petitioner's request for expenses incurred on his behalf by counsel shall be reduced by the amount of $2,316.80.

In sum, petitioner's motion for payment of costs is GRANTED, and pursuant to 22 U.S.C. § 9007(b)(3), petitioner is awarded costs in the amount of $12,174.76.

## CONCLUSION

Petitioner's Motion for Payment of Costs [DE-117] is GRANTED. Petitioner Jose Gustavo Monterrosa Salguero is awarded costs in the amount of $12,174.76 pursuant to 22 U.S.C. § 9007. These costs are taxed against respondent and shall be included in the judgment.

SO ORDERED. This the _6_ day of October, 2017.

Peter A. Moore, Jr.
Clerk of Court